**In re Paul CREGUT, Debtor.**

**Bankruptcy No. B–86–1373–PHX–RGM.**

United States Bankruptcy Court,
D. Arizona.

Sept. 10, 1986.

Charles E. Martinez, McDaniel, Jaburg & Hirsch, Phoenix, Ariz., for debtor.

Dennis C. Jones, Phoenix, Ariz., for Weller.

### OPINION AND ORDER GRANTING MOTION TO DISMISS CHAPTER 13 PETITION

ROBERT G. MOOREMAN, Chief Judge.

This proceeding is before the Court on creditor's motion to dismiss this Chapter 13 petition. The motion was noticed and a hearing held on September 4, 1986. At that time the Court took the matter under advisement and has now fully examined the evidence, the argument of counsel and the applicable law.

Debtor filed his voluntary petition under Chapter 13 on April 10, 1985. Previously, on March 4, 1985, movant Deborah Weller filed a wrongful death suit against debtor in Maricopa County Superior Court which was set for trial on June 24, 1986. Debtor had listed only two creditors in his schedules, Peter Cregut, his father, for $34,000, and Deborah Weller holding an unliquidated and disputed claim. His plan proposed to pay $49 per month for 36 months to satisfy the claims of those creditors. Debtor's recently filed amended plan proposing to pay $100 per month for a 60 month period.

Debtor has been previously enrolled as a student at Arizona State University and is currently enrolled at the University of Arizona. During the time he has been enrolled in school, he has received approximately $300 per month from his father and, while a student at Arizona State University, worked part time at St. Luke's Hospital. When he was not enrolled as a student he worked full time at the hospital and received no funds from his father. The debt to the father in debtor's schedules consists of a reimbursement to his father who had previously paid $11,500 to movant under a restitution order following debtor's trial for negligent homicide following the death of movant's husband in a car-motorcycle accident, $12,618.55 in attorney's fees for negligent homicide proceedings, $6,966 for rehabilitation at a hospital and $3,000 for attorneys fees for filing this Chapter 13 petition.

The issues before the Court are whether Paul Cregut is eligible to be a debtor under Section 109(e) and whether the petition was filed in good faith pursuant to Section 1325(a)(3).

11 U.S.C. 109(e) provides that:

Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, ... may be a debtor under chapter 13 of this title.

██ The evidence at the hearing demonstrates that the monthly payments from the father to the debtor are properly characterized as gifts. Thus the petitioner does not qualify under Section 109(e) to be a

debtor under Chapter 13 as he has no source of regular income. In addition, the debtor does not have any debts that would qualify him for relief under Chapter 13. Restitution to the father is not a legal obligation which would qualify as a debt under Section 109(e). A speculative tort claim which is contingent and unliquidated is likewise not a debt under Section 109(e).

11 U.S.C. 1325(a)(3) provides that:

Except as provided in subsection (b), the court shall confirm a plan if—

(3) the plan has been proposed in good faith and not by any means forbidden by law;

The Court has reviewed the relevant case law on this matter from the Ninth Circuit. *In re Chinichian*, 784 F.2d 1440 (1986), *In re Goeb*, 675 F.2d 1386 (1982). Those cases hold that a good faith test should examine the intentions of the debtor and the legal effect of the confirmation of a Chapter 13 plan in light of the spirit and purposes of Chapter 13. The Court must inquire whether the debtor has misrepresented the facts in his plan, unfairly manipulated the Code, or otherwise proposed his Chapter 13 plan in an inequitable manner. The Court must make its good faith determination in the light of all militating factors. The record before the Court demonstrates that Mr. Cregut filed his petition in bad faith for the purposes of avoiding the potential liquidation of movant's tort claim in a wrongful death action in Superior Court. Given the evidence of lack of sufficient income, the lack of debts and the timing of the filing of this petition in Chapter 13 on the eve of the Superior Court litigation the Court concludes on the basis of the appropriate case law, the arguments of counsel, and the documents on the record, that no proper purpose would be served to allow this voluntary case under Chapter 13 to continue.

Accordingly,

IT IS HEREBY ORDERED granting the Motion to Dismiss the Voluntary Petition and dismissing the case.

Pursuant to F.R.Civ.P. 52, as adopted by Rule 7052 of the Rules of Bankruptcy Procedure, this opinion and order shall constitute findings of facts and conclusions of law, and the judgment herein.